UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| WARREN D. BELLINGER, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 3:24-cv-01170 |
| HANS L. SCHWENDIMANN and BEVERLY J. WHITE, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Warren Bellinger, an inmate of the Lewis County Jail, filed a pro se civil rights Complaint under 42 U.S.C. § 1983 (Doc. No. 1) against the district attorneys who prosecuted him in Hickman County, Tennessee. In response to the Court's deficiency order, Plaintiff filed a renewed application for leave to proceed in forma pauperis (IFP). (Doc. No. 8).

This case is before the Court for ruling on Plaintiff's IFP application and for initial review of the Complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

### I. PAUPER STATUS

A prisoner bringing a civil action may be permitted to proceed as a pauper, without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's submissions that he lacks the funds to pay the entire filing fee, his IFP application (Doc. No. 8) is **GRANTED** and a $350 filing fee is **ASSESSED**.[1] The fee will be collected in installments as described below.

---

[1] Prisoners bringing civil lawsuits or appeals are "required to pay the full amount of a filing fee," 28 U.S.C. § 1915(b)(1), either in a lump sum at the time of filing or in installments over time via an assessment against the prisoner's inmate trust account. Where the prisoner is granted pauper status and allowed to pay in installments, the fee is $350. See 28 U.S.C. § 1914(a)–(b) & Dist. Ct. Misc. Fee Schedule, provision 14 (eff. Dec. 1, 2023).

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. Id. § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. Id. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

### A. Legal Standard

In cases filed by prisoners, the Court must conduct an initial screening and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Complaint states a claim upon which relief may be granted, the

Court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," Nat'l Rifle Ass'n of Am. v. Vullo, 602 U.S. 175, 181 (2024) (quoting Iqbal, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The court must afford the pro se Complaint a liberal construction, Erickson v. Pardus, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to the plaintiff. Inner City, supra.

Plaintiff filed the Complaint under Section 1983, which authorizes a federal action against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. The Complaint must therefore plausibly allege (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." Carl v. Muskegon Cnty., 763 F.3d 592, 595 (6th Cir. 2014).

**B. Allegations and Claims**

Plaintiff sues District Attorney Hans Schwendimann and Assistant District Attorney Beverly White in their individual and official capacities (Doc. No. 1 at 2), claiming that they violated his Fourteenth Amendment due process rights when they arranged to modify Plaintiff's sentence through ex parte communication with Judge Spitzer, a state circuit court judge. (Id. at 3–4). As relief, Plaintiff seeks Defendants' disbarment and $25,000 in damages. (Id. at 6).

**C. Analysis**

The Court construes the Complaint as challenging Defendants' method of achieving sentence modification—"through ex-parte communication, without the knowledge of me or my defense counsel" (Doc. No. 1 at 4)—without challenging Plaintiff's modified sentence itself or implying that the sentence is invalid. So construed, the suit is not an action in the nature of habeas corpus that is improperly filed under Section 1983, nor is it barred by Heck v. Humphrey, 512 U.S. 477 (1994), for failure first to demonstrate that the sentence modification had been invalidated.

Nevertheless, the case against Defendants in their official capacity must be dismissed based on sovereign immunity. Because state law charges them with prosecuting state criminal violations, county prosecutors in Tennessee are deemed to be state officials. See Tiger v. Pynkala, No. 14-2312-JDT-DKV, 2014 WL 5502405, at *12 (W.D. Tenn. Oct. 30, 2014) (quoting Cady v. Arenac Cnty., 574 F.3d 334, 342 (6th Cir. 2009), and Tenn. Code Ann. § 8-7-103(1)). State officials sued in their official capacity enjoy sovereign immunity from suit. This is because a suit against a state employee in his official capacity "is a suit against the State itself" and is thus barred by the Eleventh Amendment, Russell v. Lundergan-Grimes, 784 F.3d 1037, 1046 (6th Cir. 2015) (citing Kentucky v. Graham, 473 U.S. 159, 165–66 (1985)), subject to one exception: where the suit challenges a state official's action as unconstitutional and seeks "prospective relief to end a continuing violation of federal law." Diaz v. Michigan Dep't of Corr., 703 F.3d 956, 964 (6th Cir. 2013) (discussing the "exception to Eleventh Amendment sovereign immunity" announced in Ex parte Young, 209 U.S. 123 (1908)).

The Ex parte Young exception to sovereign immunity does not apply in this case. Although the Complaint challenges Defendants' actions as unconstitutional, they are not charged with an ongoing violation of Plaintiff's federal rights. Instead, Defendants are charged with acting

4

unconstitutionally on one occasion, when they communicated with Judge Spitzer ex parte on May 28, 2024. (Doc. No. 1 at 4). "To determine whether a suit falls within the *Young* doctrine, a court ordinarily need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." Enbridge Energy, LP v. Whitmer, 135 F.4th 467, 473 (6th Cir. 2025) (quoting Verizon Md., Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 645 (2002) (internal quotation marks omitted)). In the absence of any allegation of an ongoing violation of federal law or rights, and without seeking forward-looking relief,[2] the Complaint does not come within Ex parte Young's exception to sovereign immunity and its official-capacity claims are therefore barred.

In their individual capacity, prosecutors enjoy absolute immunity from suit under Section 1983 for conduct related to the initiation and presentation of the State's case. Imbler v. Pachtman, 424 U.S. 409, 420, 431 (1976); Howell v. Sanders, 668 F.3d 344, 349 (6th Cir. 2012). This immunity protects "those acts falling within a prosecutor's role as advocate for the state and intimately associated with the judicial process." Cunningham v. Dep't of Children's Servs., 842 F. App'x 959, 966 (6th Cir. 2021) (quoting Ireland v. Tunis, 113 F.3d 1435, 1445 (6th Cir. 1997)). At this point, Plaintiff's factual allegations are not sufficient to enable a reasonable inference as to whether Defendants' acts fell within or outside their role as advocates for the State of Tennessee. He alleges that, when "ADA [Beverly White] was asked how the sentence modification came into existence," she "stated to the Public Defender's Office that DA Hans L. Schwendimann had taken care of it with Judge Spitzer," "without the knowledge of [Plaintiff] or [his] defense counsel."

---

[2] The Complaint's request for Defendants' disbarment due to their alleged misconduct in May 2024 is not a request for forward-looking, prospective relief. See Lloyd v. Pokorny, No. 2:20-CV-2928, 2021 WL 928377, at *3 (S.D. Ohio Mar. 11, 2021) (finding that the request for "the loss of a professional license for DiNardo and Judge Pokorny based on their prior conduct . . . is not forward-looking relief" but is "seeking vindication for past wrongs").

(Doc. No. 1 at 4). These facts alone are not sufficient to support a plausible claim to monetary relief against Defendants for the due process violation alleged in the Complaint.

Nevertheless, the Court in its discretion can allow Plaintiff an opportunity to amend his Complaint "even when [it] is subject to dismissal under the PLRA." LaFountain v. Harry, 716 F.3d 944, 951 (6th Cir. 2013). The Court will exercise that discretion in this case, in the interest of justice. Accordingly, if Plaintiff is to proceed with his individual-capacity claim against Defendants, he must provide additional factual detail concerning the circumstances surrounding the alleged ex parte communication and resulting sentence modification, including such details as how his sentence was modified, and when and how he learned of the communication and modification.

### III. CONCLUSION

As explained above, although the Complaint is subject to dismissal, the Court will allow Plaintiff an opportunity to amend in order to provide additional factual allegations in support of his individual-capacity claim against Defendants Schwendimann and White.

Plaintiff's official-capacity claim against these Defendants is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted due to the immunity of the Defendants in their official capacity.

Plaintiff **MUST** file an Amended Complaint that complies with the instructions in this Order within **30 DAYS** of the entry of the Order. The Clerk is **DIRECTED** to provide Plaintiff with a form for filing a civil rights complaint (Pro Se Form 14). Plaintiff is cautioned that failure to file an Amended Complaint within 30 days (or to seek an extension of this deadline before it expires), or failure to keep the Court apprised of his current address, may result in the dismissal of this case for failure to prosecute and failure to comply with the Court's Order.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE